**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROGELIO DE JESUS RAMON,

      Petitioner,

     v.

TODD BLANCHE, ETC., ET AL.,

      Respondents.

No. ED CV 26-2849-E

ORDER FOR ENTRY OF JUDGMENT

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition for Writ of Habeas Corpus, etc." ("the Petition") on May 26, 2026.  Respondents filed an Answer on June 3, 2026.  Petitioner filed a Reply on June 16, 2026.

**BACKGROUND**

Petitioner is a citizen of Mexico who has lived in the United States since approximately 1991.  Petitioner has committed crimes that evidently subject him to detention under 8 U.S.C.

section 1226(c).[1]  Petitioner has been in ICE detention continuously since May of 2025.  He last received a bond hearing on November 12, 2025, at which an immigration judge denied bond on the ground of perceived dangerousness.

On June 3, 2026, an immigration judge ordered Petitioner removed.  Petitioner has appealed this order to the Board of Immigration Appeals.

**SUMMARY OF PARTIES' CONTENTIONS**

Petitioner contends that his detention without a bond hearing since November 12, 2025, has become unreasonably prolonged, in violation of his due process rights.  Respondents question the Court's jurisdiction to grant any relief, and Respondents deny that Petitioner is entitled to another bond hearing.

**DISCUSSION**

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004).  A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief.  See 28 U.S.C. § 2241(c)(3).  A district court has jurisdiction under section 2241 "to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order."  Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); see Zadvydas v. Davis, 533 U.S. 678, 688 (2001).

///

///

---

[1]    Petitioner reportedly has suffered a conviction for drug possession and two convictions for DUI.

2

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate a due process challenge to ICE detention.  See Zadvydas v. Davis, 533 U.S. at 687; Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025); see also Hernandez v. Mullin, 2026 WL 846037 (C.D. Cal. March 24, 2026) (rejecting the Government's jurisdictional arguments under 8 U.S.C. section 1226(e), 8 U.S.C. section 1252(a), 8 U.S.C. section 1252(g) and 8 U.S.C. section 1252(b)).

Aliens subject to section 1226(c) are not statutorily eligible for release on bond, except in narrow circumstances not present here.  See 8 U.S.C. 1226(c) (1-4); Jennings v. Rodriguez, 583 U.S. 281, 303-06 (2018); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022).  Even so, the Due Process Clause, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law.  See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94.  In Jennings v. Rodriguez, 583 U.S. 281, 312 (2018), the United States Supreme Court declined to determine whether a noncitizen without a statutory right to a bond hearing would be entitled to such a hearing as a matter of constitutional due process. The Supreme Court remanded the issue to the Ninth Circuit (id.), which later expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."  Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).  Indeed, the Supreme Court itself has recognized that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem."  Zadvydas v. Davis, 533 U.S. 678, 690 (2001); see Demore v. Kim, 538 U.S. 510, 532 (2003) (Justice Kennedy's concurring opinion indicating that, under the Due Process Clause, an individualized bond hearing for a mandatorily detained alien could be appropriate "if the continued detention became unreasonable or unjustified").

///

The First, Second and Third Circuits have indicated that due process precludes an unreasonably prolonged detention under section 1226(c) without a bond hearing.  See Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024), pet. for cert. granted, 2026 WL 1718025 (U.S. June 15, 2026); Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) (dicta); German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 209-10 (3d Cir. 2020).  Within the Ninth Circuit, district courts typically have applied the test in Mathews v. Eldridge, 424 U.S. 319 (1976) ("Mathews") to determine whether a prolonged detention under 1226(c) has become unconstitutionally unreasonable.  See, e.g., Jensen v. Garland, 2023 WL 3246522 (C.D. Cal. May 3, 2023); Hernandez Gomez v. Becerra, 2023 WL 2802230 (N.D. Cal. Apr. 4, 2023); Henriquez v. Garland, 2022 WL 2132919 (N.D. Cal. June 14, 2022), app. dism'd, 2022 WL 18587903 (9th Cir. Dec. 28, 2022); Jimenez v. Wolf, 2020 WL 510347 (N.D. Cal. Jan. 30, 2020), app. dism'd, 2020 WL 9182700 (9th Cir. Oct. 20, 2020);.

Under the Mathews test, the Court considers three factors:  "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335.

In the present case, application of the Mathews factors concludes that Petitioner is entitled to (another) opportunity for a bond hearing.  First, the private interest at stake is extremely significant, consisting of the fundamental liberty interest in remaining free from unreasonable imprisonment.  Petitioner has been detained for more than seven months following his most recent bond hearing.  Although there does not appear to be any bright-line rule regarding when a detention becomes unreasonably prolonged, courts have deemed seven months to be a materially significant length of time.  See, e.g., Comparan v. Warden, 2026 WL 1414099, at *5 (E.D. Cal. May 20, 2026), adopted, 2026 WL 1715091 (E.D. Cal.

4

June 12, 2026) (it is "beyond dispute" that the private interest is "fundamental" when detention has lasted seven months); <u>Amado v. United States Dep't of Justice</u>, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable").  Further, the length of time of Petitioner's detention without a bond hearing is likely to become even more prolonged in the future, given Petitioner's recent appeal of his removal order.  A court generally should not hold an alien's good faith challenges to removal against him, for doing so "would effectively punish [the alien] for pursuing applicable legal remedies."  <u>German Santos v. Warden Pike County Correctional Facility</u>, 965 F.3d at 211 (citations and quotations omitted).

As to the second <u>Mathews</u> factor, the lack of procedures required in connection with section 1226(c) usually heightens the risk of erroneous deprivation.  Section 1226(c) sweeps into detention a wide variety of aliens and affords them little or no process.  As the Second Circuit has observed:

> [S[ection 1226(c)'s broad reach means that many noncitizens are detained who, for a variety of individualized reasons, are not dangerous, have strong family and community ties, are not flight risks and may have meritorious defenses to deportation at such time as they are able to present them.  Section 1226(c) sweeps in people convicted of many nonviolent offenses, and does not take into account when the prior crime was committed, suggesting that the prior conviction may well be a poor proxy for a finding of dangerousness.

<u>Black v. Decker</u>, 103 F.4th at 152 (citations and quotations omitted).  The offenses for which Petitioner has been convicted were nonviolent and relatively remote.  It is true that the November, 2025 hearing already furnished a "procedural safeguard," and the "probable value" of an additional bond hearing might reasonably be questioned.  However, it is certainly conceivable that the "good character" evidence and other evidence attached to the Petition

may now persuade an immigration judge that Petitioner can be released on conditions that will adequately protect community safety.  The Court concludes that the second Mathews factor is either neutral or weighs (only slightly) in Petitioner's favor.

With regard to the third Mathews factor, the Government's interest at stake here "is not in petitioner's continued detention but in his continued detention without another individualized bond hearing."  Singh v. Garland, 2025 WL 1913368, at *6 (C.D. Cal. April 21, 2025).  "Courts have found that considering the minimal cost of conducting a bond hearing, and the ability of the [immigration judge] to adjudicate the ultimate legal issue as to whether petition[er]'s continued detention is justified, the government's interest in detaining a noncitizen without a bond hearing is not as weighty as the petitioner's interest."  Id. at *7 (citations and quotations omitted).  "Providing petitioner with a bond hearing would not impede respondents' interest in effecting removal or protecting the public, as the purpose of the bond hearing is to determine whether petitioner is a danger or a flight risk."  Id.

On balance, application of the Mathews test concludes that Petitioner should receive (another) opportunity for a bond hearing before an immigration judge.  At the hearing, the burden will be on the Government to prove, by clear and convincing evidence, that detention is warranted either because of danger or risk of flight.  See, e.g., German Santos v. Warden Pike Correctional Facility, 965 F.3d at 213-14; Jensen v. Garland, 2023 WL 3246522, at *8.

///

///

///

///

///

///

///

///

6

**CONCLUSION**

For all of the foregoing reasons, the Petition is granted in part and Respondents are ordered to provide Petitioner (A # 206-406-744) with an opportunity for a prompt bond hearing before an immigration judge at which the burden will be on the Government to justify Petitioner's detention through proof by clear and convincing evidence that Petitioner is an unacceptable danger or an unacceptable risk of flight.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 17, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]    Petitioner has failed to justify any additional or different form of habeas relief.

7